IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHIARA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-06120-CV-SJ-NKL |
| | ) | |
| WOODLAND TRACE | ) | |
| APARTMENTS, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Cornerstone Property Investments, LLC, Cornerstone Property Investments, LLC, Woodland Trace, LLC, and Randall Tate (collectively, "Cornerstone") move to enforce a settlement agreement, seek leave to interplead the settlement funds, and seek a protective order. Doc. 23. As discussed below, the Court grants the unopposed motion for a protective order and the unopposed motion to enforce the settlement agreement, but denies the portion of the motion seeking to interplead the settlement funds.

Cornerstone and Plaintiff mediated their disputes on December 4, 2018 and reached a confidential settlement. The Court accordingly dismissed the action, but retained jurisdiction to enforce the settlement. Doc. 22.

There appears to be a dispute between Plaintiff's current counsel, Aldo Dominguez, and Plaintiff's former counsel, James Roswold and others at the firm of Kansas City Accident Injury Attorneys ("KCAIA"), as to the amount of and entitlement to attorney fees due them from the sum of money that Cornerstone has agreed to pay Plaintiff.

Although the time for Plaintiff and her counsel to respond expired on February 7, 2019, (*see* Local Rule 7.0(c)(2)), to date, Mr. Dominguez has filed no response to the pending motion.

1

KCAIA, on the other hand, filed a response, indicating that it takes no position with respect to the portion of the motion seeking enforcement of the settlement agreement, that it agrees to sign a reasonable confidentiality order to learn the confidential settlement terms, and that it agrees that, if the settlement is enforced, the disputed settlement funds should be interpleaded and deposited into the Court's registry, with the provision that the portion of the settlement proceeds that are not in dispute be paid to Plaintiff as soon as possible. Kansas City Accident Injury Attorneys' Response to Defendants Cornerstone Properties Group, Inc., Cornerstone Property Investments, LLC, Woodland Trace, LLC and Randall Tate's Motion to Enforce Settlement and Request Leave to Interplead the Settlement Funds, Doc. 24, pp. 2-3.

In light of the fact that Cornerstone's motion is unopposed, the Court GRANTS the motion for a protective order and the motion to enforce the settlement agreement. However, the Court DENIES the motion to interplead the settlement funds for want of jurisdiction.

The Court accordingly enters the following orders:

**PROTECTIVE ORDER**

The terms of the settlement agreement and the amount of settlement are deemed confidential.

The Cornerstone Defendants are permitted to share information about the settlement with Plaintiff, Mr. Dominguez, and KCAIA.

Upon entry of this Order, Cornerstone will cooperate with Plaintiff, Mr. Dominguez, and KCAIA to provide, to the extent that each person or firm does not yet possess them, the terms of the settlement, including the amount.

Plaintiff, Mr. Dominguez, and KCAIA are not permitted to further share any settlement information, except that they may share such information with their attorneys and experts, if necessary, but only after such attorneys and experts agree to be bound by this Protective Order.

Plaintiff, Mr. Dominguez, and KCAIA are not permitted to publicly file the settlement terms in this case, although, if they wish, they may move for leave to file such information under seal and in redacted form. No one may file any material under seal or in redacted form unless the filer has first moved for and been granted leave to do so.

## ENFORCEMENT OF THE SETTLEMENT AGREEMENT

The Court hereby orders the parties and their counsel to comply with the settlement agreement into which they entered, including any provisions concerning payment of funds.

## INTERPLEADING SETTLEMENT FUNDS

The Court denies the motion to interplead the settlement funds because the Court lacks jurisdiction to resolve disputes between and among Plaintiff and her current and former attorneys.

Federal courts are courts of limited jurisdiction, possessing only that power specifically provided by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The doctrine of ancillary jurisdiction permits a federal court to consider claims that otherwise lack an independent basis for federal jurisdiction insofar as they have a "factual and logical dependence" on the "primary" suit. *Peacock v. Thomas*, 516 U.S. 349, 355 (1996). Whether a court may exercise ancillary jurisdiction over an issue depends on the degree to which it is intertwined with the underlying claim. If the resolution of the claim will not affect the judgment of the court, the Court lacks ancillary jurisdiction. *See United States v. Afremov*, 611 F.3d 970, 976 (8th Cir. 2010) (noting, in finding lack of ancillary jurisdiction, that "the contract claim will not affect the final judgment entered in the criminal case").

The parties do not suggest that the Court must approve the settlement, let alone the attorneys' fees, in this case. Nor is there any suggestion that the dispute involves the amount of money due the Plaintiff from the Defendants. There thus appears to be no basis for the Court to assert jurisdiction over a fee dispute between Plaintiff's current and former attorneys. *See Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981) (holding that a fee dispute between two attorneys representing litigants in a district court action "did not arise as a matter of necessity from anything which occurred in the . . . litigation, nor did the district court have control over the fee in the sense that the court was required to establish and distribute a fee," but rather, "the controversy arose purely from a private contract dispute between two Virginia residents" and therefore there was "no basis for ancillary jurisdiction"); *cf. Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 52 (1st Cir. 2015) (finding that district court had authority to resolve attorney-fee dispute where "[t]he district court needed to resolve the ancillary fee dispute in order to complete the execution on the underlying judgment," where it was not clear which of three attorneys involved in the dispute then represented the plaintiffs). The motion to interplead the settlement funds with the Court to permit non-party attorneys to resolve a fee dispute that is not directly related to the merits of the matter before the Court accordingly is DENIED. [1]

                                                                                        s/ Nanette K. Laughrey
                                                                                        NANETTE K. LAUGHREY
                                                                                        United States District Judge

Dated: February 26, 2019
Jefferson City, Missouri

---

[1] Of course, 28 U.S.C.A. § 1335 permits a separate action in interpleader under certain circumstances, but jurisdiction for purposes of such an action would not be based on ancillary jurisdiction and would require joinder of the parties making a claim to the property.